JOHN O'BRIEN CLARKE, AN INFANT, BY JOHN F. CLARKE, HIS GUARDIAN AD LITEM, RESPONDENT, *v.* SARAH BOREEL, APPELLANT.

*In what actions the summons may be served by publication—what must be shown to authorize the entry of a judgment by default in such a case—Code of Civil Procedure, §§ 635, 1217.*

In this action, brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, the latter was per-

sonally served with the summons and complaint on March 4, 1880, at Nice, in France, where she resided, in pursuance of an order directing the service of the summons by publication. On April 16, and before the time for the defendant to appear and answer had expired, she moved to set aside the order directing the service of the summons by publication, on the ground that, as the action was one in which an attachment could not issue, no judgment could, under section 1217 of the Code of Civil Procedure, be entered against her by default.

*Held*, that, as the defendant's time to appear and answer had not expired when the motion was made, and as no attempt to enter a judgment by default had been made, the motion was properly denied as premature.

That the order for the service of the summons by publication was properly granted, even though the plaintiff might not thereafter be able to show such a state of facts as would authorize him to enter any judgment against the defendant in case she failed to appear or answer.

APPEAL from an order made at a Special Term, denying a motion to vacate an order directing the service of the summons herein to be made by publication.

*Joseph G. Choate*, for the appellant.

*Ira D. Warren*, for the respondent.

DAVIS, P. J. :

It is not objected by the appellant that the affidavit on which the order was made is insufficient in form. The point presented is that the order is irregular and invalid, because under the Code no judgment could be entered in the action on the default of the defendant. This point rests upon the provisions of section 1217 of the Code of Civil Procedure, which provides that " a judgment shall not be rendered for a sum of money only, upon an application made pursuant to the last section (1216) except in an action specified in section 635 of this act." Section 635 relates to and provides for warrants and attachments, which it declares may be issued " when the action is to recover a sum of money only, as damages ; for a breach of contract other than a contract to marry ; wrongful conversions of property and any other injury to personal property in consequence of negligence, fraud or other wrongful acts." This section does not include actions for injuries to the person. This suit is for the recovery of damages for injuries to the person, alleged to have been caused by the negligence of the defend-

ant, and no attachment has been or could be issued at the time of obtaining the order of publication. The defendant is a non-resident of this State, and resides at Nice in France, where the summons and other papers were served on her personally on March 4, 1880. Her notice of motion to set aside the order of publication was served on April 16, 1880. The time for her appearance in the action had not expired when the notice of motion was given, and she was neither in default nor in danger of judgment being taken at that time against her.

The motion is based upon the idea that because no attachment had been or could be issued against defendant's property, and no judgment could be entered against her by *default* without proof of such attachment as required by section 635 of the Code, therefore the court has no jurisdiction to make the order of publication. The idea is a mistaken one. The court had jurisdiction of the cause of action. The injury occurred in the State, to a citizen and resident. The order of publication is one step toward obtaining jurisdiction of the person of the defendant who is a non-resident. It was clearly in the power of the court (and it was its duty on a proper case shown) to take that step. The order was neither invalid nor irregular, because it might happen that it would not result in obtaining jurisdiction of the person of the defendant in such form as to enable the rendition of a judgment for the recovery of the damages sought by the complaint. That was a contingency. If the defendant chose to appear in the action after the service at Nice, the jurisdiction of the court, both of her person, and of the cause of action, would be complete; and its power to give judgment independently of sections 1217 and 635 would be perfect. Hence it was entirely proper and regular to make the order, although the plaintiff might fail to be able to show afterwards a state of facts that would entitle him to judgment. At the time the motion was made the defendant's time to appear, or to appear and answer, had not expired. It had not begun to run. *Non constat*, that the defendant would not appear in the action, and thus cure all possible defects. The plaintiff was at least entitled before his proceedings could be arrested, to claim that at least the time within which she could appear and answer must fully expire. If he then attempted to

enter judgment by default, the question of his right to do so could properly be raised. Or if he entered judgment; a motion to set it aside would bring before the court the question whether jurisdiction of the person of the defendant had been properly acquired. It is not the order of publication that confers jurisdiction of the person in such cases. It is the subsequent growth and ripening of events which may or may not add jurisdiction of the person of the defendant to jurisdiction of the subject-matter. The plaintiff is entitled to use the means provided by law to produce their concurrence if he can. His failure to do that may defeat his further prosecution of the suit, but not till such failure is complete. A non-resident might as well move to set aside a summons which had been issued to a sheriff, with a view to service whenever an opportunity should occur, on the ground that no jurisdiction was obtained because no proof could be made that would entitle judgment to be entered in the action by default, as required by the Code. The answer to such a motion would be that the plaintiff is entitled to try to get jurisdiction of his person in any lawful way he can. There seems no difference in principle between the cases, though of course one in form.

The motion was premature. The questions made were not up; for, as yet, the plaintiff had taken no steps beyond that provided by the Code, to enable him to try and get the defendant to submit *ex debito justitiæ* to a trial of his demands for the alleged personal injuries. The order should be affirmed, with $10 costs of appeal, besides disbursements, but without prejudice to any motion that may be made if judgment shall be entered by default.

BARRETT, J., concurred.

Present—DAVIS, P. J., BRADY and BARRETT, JJ.

Order affirmed, with $10 costs, and disbursements.